UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA MIMS-JOHNSON, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>BECHTEL NATIONAL, INC., a Nevada Corporation,<br><br>               Defendant. | NO: CV-10-3119-RMP<br><br>ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

**INTRODUCTION**

Before the Court are the Plaintiff's Motion for Protective Order, ECF No. 14; the Defendant's Motion for Additional Deposition Time, ECF No. 23; the Defendant's Motion to Expedite, ECF No. 19; and the Plaintiff's Motion to Expedite, ECF No. 27. The Court has reviewed the pleadings and the file and is fully informed.

ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 1

## BACKGROUND

All of the instant motions address one issue: whether and to what extent should the Defendant, Bechtel National, Inc. ("Bechtel") be allowed additional deposition time of the Plaintiff, Linda Mims-Johnson. Bechtel deposed Ms. Mims-Johnson on July 22, 2011. ECF No. 16 at 1. The deposition lasted approximately seven hours. ECF No. 25 at 2. Bechtel seeks six more hours of deposition time. Ms. Mims-Johnson opposes a six-hour supplemental deposition, but would agree to three hours of deposition time.

## APPLICABLE LAW

Absent agreement or court order, deposition time is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). A district court "must allow additional time . . . if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). However, a district court must not grant additional deposition time where:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 2

      (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving issues.

Fed. R. Civ. P. 26(b)(2)(C).

## DISCUSSION

In order to decide whether the Defendant should be afforded an additional six hours of deposition time, the Court must first determine whether such time is "needed to fairly examine the deponent." Fed. R. Civ. P. 30(d)(1). The Defendant seeks additional time to depose the Plaintiff regarding (1) Eighty photographs taken by the Plaintiff of graffiti and clogged toilets; (2) 440 pages of "STARRT" cards completed by Plaintiff; (3) Plaintiff's work history; (4) Plaintiff's damages for wage loss; (5) Plaintiff's emotional distress claim; and (6) various documents. In light of the Court's review of the complaint and other materials filed in this case, these subject matter areas appear relevant to this case. Due to the nature and number of issues, the Court concludes that significant additional deposition time is necessary to fairly examine the Plaintiff.

While Rule 30(d)(1) commands the Court to grant more time if necessary, the rule also instructs the court to abide by the requirements of Rule 26(b)(2). Under Rule 26(b)(2), discovery should be limited where (1) the discovery is

ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 3

1  unreasonably cumulative or duplicative, or available from less burdensome

2  sources; (2) "the party seeking discovery has had ample opportunity to obtain" it;

3  or (3) the burden or expense of production outweighs the likely benefit.  Fed. R.

4  Civ. P. 26(b)(2)(C)(i)-(iii).

5       The Court has reviewed the transcript of the July 22, 2011, deposition of the

6  Plaintiff.  ECF No. 31 at 30-96.  The Court concludes that the subject matter areas

7  giving rise to the need for additional deposition testimony are not duplicative or

8  cumulative of the material addressed in the July 22, 2011, deposition.

9  Additionally, Ms. Mims-Johnson, as the plaintiff in this employment action, has

10 information that cannot be procured from any other source.

11      The Court's review of the July 22, 2011, deposition transcript also reveals

12 that Bechtel was thorough in its examination of Ms. Mims-Johnson, and that there

13 was insufficient time to address all of the subjects listed above.  The Court

14 concludes that Bechtel has not had "ample opportunity" to obtain the information it

15 now seeks.

16      Finally, the Court concludes that the likely benefit of discovery outweighs

17 the burden.  The discovery sought is important and warrants additional deposition

18 time.  Additionally, the Defendant has agreed to travel to Ms. Mims-Johnson and

19

20

ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL
DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER ~ 4

to pay her travel costs, ECF No. 24 at 10.  Accordingly, additional deposition time is appropriate here.

In making this ruling, the Court is cognizant of the fact that estimating time for depositions is not an exact science.  The Plaintiff offered three hours of deposition time.  While the Court is granting six hours of deposition time, as requested by the Defendant, to ensure complete discovery, the parties' email exchanges suggest that six hours was requested out of an abundance of caution.  The Defendant has promised to "make every effort to end the deposition in a shorter period," ECF No. 24 at 10.  The Court expects Defendant to use the additional deposition time to inquire about issues and events that were not covered in the first deposition, rather than returning to previous questions or topic areas.  The Court expects the Defendant to be as expeditious as possible and avoid using the full six hours unless it is absolutely necessary.

## CONCLUSION

The Court finds that an extra six hours of deposition time is reasonable to ensure a fair examination of the Plaintiff.  The Court concludes that the conditions for limiting discovery identified in Rule 26(b)(2)(c)(i)-(iii) are not met.  The Defendants shall be allowed one additional day of six hours in which to depose the Plaintiff.

ORDER GRANTING THE DEFENDANT'S MOTION FOR ADDITIONAL DEPOSITION TIME AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER ~ 5

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's Motion to Expedite, **ECF No. 27**, is **DENIED**.

2. The Defendant's Motion to Expedite, **ECF No. 19**, is **DENIED**.

3. The Plaintiff's Motion for Protective Order, **ECF No. 14**, is **DENIED**.

4. The Defendant's Motion for Additional Deposition Time, **ECF No. 23**, is **GRANTED**.

5. The Defendant is hereby allowed an additional one day of up to six hours of questioning to depose the Plaintiff in this matter. However, Plaintiff must be allowed at least a one and a half hour lunch period, as well as other breaks as requested by the Plaintiff.

6. The Defendant, consistent with its offer, is to compensate Ms. Mims-Johnson for her travel costs associated with the deposition.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 27th of September, 2011.

                      *s/ Rosanna Malouf Peterson*
                      ROSANNA MALOUF PETERSON
                      Chief United States District Court Judge