UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA MIMS-JOHNSON, an individual<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BECHTEL NATIONAL, INC., a Nevada corporation,<br><br>　　　　　　　Defendant. | NO: CV-10-3119-RMP<br><br>ORDER |

Before the Court are the Defendant's motion for protective order, ECF No. 38, the Plaintiff's motion to compel, ECF No. 43, the plaintiff's motion to expedite, ECF No. 46, the Plaintiff's motion second motion to compel, ECF No. 48, the Defendant's motion for leave to file excess pages, ECF No. 60, the Plaintiff's motion for leave to file reply, ECF No. 67, and Plaintiff's Motion for

ORDER ~ 1

Relief under Rule 56(d),[1] ECF No. 100.  The Court has reviewed the motions and all of the relevant filings in this case and is fully informed.

## BACKGROUND

This matter arises out of an employment dispute between the Plaintiff, Linda Mims-Johnson, and her former employer, Bechtel National, Inc. ("Bechtel").  As part of this litigation, the Plaintiff served on Defendant notice of a Rule 30(b)(6) deposition for Bechtel.  In that notice, the Plaintiff sought designation of deponents to testify regarding:

> 1.   All knowledge or information relating to Plaintiff's employment performance while employed by defendant Bechtel National, Inc.
>
> 2.   All knowledge and information relating to the Plaintiff's transfer from Norma Lake's crew to Lee Harry's crew in 2009, including, but not limited to, Plaintiff's complaints and/or grievance against Ms. Lake.
>
> 3.   All knowledge and information relating to the transfer of Plaintiff back to Norma Lake's crew in April, 2010.
>
> 4.   All knowledge and information relating to the decision to terminate, and the ultimate termination of, Plaintiff's employment with Defendant Bechtel National Inc. in April, 2010.
>
> 5.   All knowledge and information relating to the presence of racial and/or sexual graffiti at Defendant Bechtel National, Inc.'s Hanford location and/or management's knowledge of the same.

---

[1] While the motion refers to Federal Rule of Civil Procedure 56(f), the substance of the motion indicates it should be considered under Rule 56(d).

ORDER ~ 2

      6.    All knowledge and information relating to any complaints concerning the presence of racial and/or sexual graffiti at Defendant Bechtel National, Inc.'s Hanford location.

      7.    All knowledge and information relating to any investigation concerning the presence of racial and/or sexual graffiti, or any complaints regarding the same, at Defendant Bechtel National, Inc.'s Hanford location.

      8.    All knowledge and information relating to the eradication or removal of racial or sexual graffiti at Defendant Bechtel National, Inc.'s Hanford location, including any remedial action taken by Defendant Bechtel National, Inc. to prevent the reoccurrence of racial or sexual graffiti.

      9.    All knowledge or information relating to any complaints of racial or sexual harassment and/or discrimination at Defendant Bechtel National Inc.'s Hanford location.

      10.    All knowledge or information relating to Plaintiff's STARRT cards, including STARRT cards purportedly containing information about the presence of racial or sexual graffiti.

      11.    All knowledge or information relating to Defendant Bechtel National Inc.'s policies regarding Anti-Harassment and Zero Tolerance for Retaliation, and any known violations of the same.

      12.    All knowledge or information relating to Defendant Bechtel National Inc.'s expectations of its employees as outlined in the RPP/WTP Employee Handbook.

      13.    The specific facts and information relating to and/or supporting Defendant Bechtel National, Inc.'s admissions and denials as outlined in Bechtel National, Inc's Answer and Affirmative Defenses filed with the Court on January 14, 2011 ("BNI's Answer"). A true and correct copy of BNI's Answer is attached as Exhibit A to this Notice.

ORDER ~ 3

14. The specific facts and information relating to and/or supporting Defendant's Affirmative Defenses as outlined in BNI's Answer. A true and correct copy of BNI's Answer is attached as Exhibit A to this Notice.

15. All knowledge or information relating to the Settlement Agreement and Release executed on October 20, 2005, by and between Bechtel National, Inc. and Linda Mims ("Release"), including, but not limited to, the underlying claims that were settled under the Release and the alleged basis for those claims. A true and correct copy of the Release is attached as Exhibit B to this Notice.

ECF No. 40 at 6-9.

Bechtel refused to comply with the depositions, asserting that the requests for deposition lacked the "reasonable particularity" required by the civil rules. Fed. R. Civ. P. 36(b)(6). Ms. Mims-Johnson asserts that the descriptions meet the requirements of Rule 30(b)(6).

The Plaintiff also served Bechtel with her First Set of Interrogatories and Requests for Production. The Plaintiff was unsatisfied with many of the responses to its requests. Specifically, the Plaintiff challenged as insufficient the Defendant's disclosures regarding (1) discovery originating from before October 2005; (2) complaints of discrimination at Bechtel worksites other than the Hanford Waste Treatment Plant ("WTP"); and (3) Bechtel's financial information.

The parties conferred on November 11, 2011, but were unable to resolve their differences. Bechtel filed a motion for protective order seeking to strike the notice of deposition until the subject categories were narrowed. ECF No. 38. Ms.

ORDER ~ 4

1  Mims-Johnson filed a cross-motion to compel the Rule 30(b)(6) depositions. ECF
2  No. 43. Ms. Mims-Johnson also filed a second motion to compel in which she
3  seeks production of the materials that she asserted should have been disclosed
4  pursuant to her interrogatories and requests for production. ECF No. 48. In that
5  motion, Ms. Mims-Johnson also seeks leave of the Court to pursue more than ten
6  depositions.

7  While the discovery motions were pending, Bechtel filed a motion to
8  exclude expert testimony, ECF No. 71, and three motions for partial summary
9  judgment, ECF Nos. 76, 81, 86. The Plaintiff has filed a motion seeking relief
10 under Rule 56(d), arguing that she cannot appropriately contest the summary
11 judgment motions because of the outstanding discovery issues. ECF No. 100.

## DISCUSSION

**Bechtel's Motion for Protective Order and Plaintiff's First Motion to Compel**

14 As Bechtel's motion for a protective order and Ms. Mims-Johnson's first
15 motion to compel relate to the same issues, the Court will address both motions
16 together.

17 Any party from whom discovery is sought may move for a protective order.
18 Fed. R. Civ. P. 26(c)(1). The movant must certify that he or she has, in good faith,
19 conferred or attempted to confer with the party seeking discovery. Fed. R. Civ. P.
20 26(c)(1). The court may, in its discretion and for good cause, issue an order

ORDER ~ 5

1  limiting discovery. Fed. R. Civ. P. 26(c)(1). Similarly, a party making a request

2  for designation under Rule 30(b)(6) may move the Court for an order compelling

3  such designation. Fed. R. Civ. P. 37(a)(B)(ii).

4  Under Rule 26, discovery is limited to "any nonprivileged matter that is

5  relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Even

6  inadmissible information is discoverable "if the discovery appears reasonably

7  calculated to lead to the discovery of admissible evidence." *Id.* One method of

8  discovery available under the civil rules is a deposition. *See generally* Fed. R. Civ.

9  P. 30.

10  To alleviate difficulties presented by deposing a business entity, Rule

11  30(b)(6) prescribes a specific procedure to be used when seeking such depositions.

12  A party filing a notice or subpoena naming a business entity "must describe with

13  reasonable particularity the matters for examination" at the deposition. Fed. R.

14  Civ. P. 30(b)(6). "Reasonable particularity" is required because service of a

15  deposition notice shifts the burden to the deponent to "designate one or more

16  officers, directors, or managing agents, or designate other persons who consent to

17  testify on its behalf" to "testify about information known or reasonably available to

18  the organization." Fed. R. Civ. P. 30(b)(6). The purpose of Rule 30(b)(6) is to

19  eliminate the difficulty of determining the appropriate corporate party to depose

20  prior to the taking of the deposition and to avoid "bandying" by corporate officers

ORDER ~ 6

whereby different corporate officers deny knowledge of a subject that is clearly known to other persons in the corporation. Fed. R. Civ. P. 30 (comments to 1970 amendments).

Bechtel argues that categories one through twelve and category fifteen of Ms. Mims-Johnson's notice of deposition are not stated with reasonable particularity because the categories contain the prefatory language "[a]ll knowledge or information" or "[a]ll knowledge and information." Ms. Mims-Johnson counters that each sentence that begins "all knowledge and information" is limited by the text that follows it and that the textual limitations following the prefatory language qualifies as reasonably particular.

The Court notes that the prefatory phrase "all knowledge and information" extends what are otherwise reasonable requests into overly broad statements, if taken literally. Accordingly, the Court agrees with the Defendant that the phrases "all knowledge and information" or "all knowledge or information" should be stricken from the categories one through twelve and category fifteen and replaced with the phrase "all information known or reasonably available to the organization."

However, the Court declines to adopt the Defendant's proposal to limit deposition testimony to information contained only in its corporate database. The scope of deposition authorized by Rule 30(b)(6) is "information known or

ORDER ~ 7

reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). That scope includes information known by persons within the organization. *See* Fed. R. Civ. P. 30 (comments to 1970 amendments).

Defendant also objects to phrases such as "any investigation" or "any complaint" regarding racial and/or sexual graffiti as being vague and overly broad. ECF 57 at 3-4. The Court agrees that the scope of Subject Matter No. 7 and No 9 relating to investigations and complaints of racial and/or sexual graffiti or of racial or sexual harassment and /or discrimination will be limited to formal complaints and investigations made pursuant to established or customary procedures at Bechtel and complaints by employees to their supervisors. Such complaints and investigations are not limited to those only contained within Bechtel's corporate database. The Court finds no need to further limit categories one through twelve and fifteen.

Categories thirteen and fourteen refer to facts supporting the Defendant's admissions, denials, and affirmative defenses asserted in the Defendant's answer. The Defendant opposes these categories on the basis that such inquiries necessarily inquire into trial strategy. While the Court recognizes that there appears to be some disagreement among courts on the appropriateness of discovery requests phrased in terms of a party's defense, e.g., *Radian Assert Assur., Inc. v. College of the Christian Bros. of New Mexico*, 273 F.R.D. 689, 691 (D.N.M. 2011), this Court

ORDER ~ 8

finds the *Radian* court's analysis convincing.  Accordingly, the Court will allow categories thirteen and fourteen.  Counsel for the Defendant may assert the work product privilege, if warranted, to ensure that work product and attorney client communications are not revealed.  *Id.* at 692.

Additionally, Plaintiff may depose Defendant regarding the same issues that were the subject of discovery disclosures and production.

**Ms. Mims-Johnson's Second Motion to Compel**.

Ms. Mims-Johnson also seeks to compel production of: (1) information relating to Ms. Mims-Johnson's employment from prior to October 2005; (2) information regarding discrimination at Bechtel worksites outside of the Hanford site, and (3) information regarding Bechtel's net worth.  Additionally, Ms. Mims-Johnson seeks leave to take more than ten depositions.

**Information prior to October 2005.**

Ms. Mims-Johnson seeks to compel disclosure of information responsive to her interrogatories and requests for production that refer to events prior to October 2005.  Specifically, Ms. Mims-Johnson wants information from January 2004, the time of her initial hiring by Bechtel, onward.  Bechtel opposes discovery of matters prior to October 2005 because the Plaintiff has, in writing, released Bechtel from liability for actions arising out of or based on any facts existing prior to October 2005.  ECF No. 63 at 5.

ORDER ~ 9

In support of its argument that the release renders all pre-October 2005 discovery irrelevant, Bechtel cites to *Hook v. The Regents of the University of California*, 05-356, 2007 U.S. Dist. LEXIS 96244 (D.N.M. March 6, 2007). However, the situation in *Hook* is distinguishable. In *Hook*, the Plaintiff claimed that conduct occurring after the release was motivated by pre-release actions. *Id.* at *19-*20. Here, no such causal connection has been alleged. The Court concludes that information from Ms. Mims-Johnson's entire employment history should be disclosed and produced to Plaintiff, from her January 2004 initial hiring until her termination, and that the Defendant's challenges to any proposed admission of the evidence in light of the release are best raised as motions *in limine*.

**Evidence of discrimination at Bechtel worksites other than Hanford.**

The Plaintiff seeks to compel production of evidence of discrimination at Bechtel worksites other than the one at which the Plaintiff worked. The Plaintiff argues that such conduct is relevant to her discrimination claims. The Court agrees that an employer's prior discriminatory conduct may be relevant to future discriminatory conduct. *See Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995). Actions at other Bechtel sites may have relevance in this case regarding the practices of Bechtel at Hanford. However, to avoid an undue burden on Defendant, the Court will limit discovery of complaints and investigations of

ORDER ~ 10

racial/sexual harassment and/or discrimination at non-Hanford sites only to formal complaints and investigations.

**Bechtel's financial information.**

A defendant's financial condition is "traditionally admissible as a measure of the amount of punitive damages that should be awarded." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (citing Restatement (Second) of Torts § 908(2) (1979)). Ms. Mims-Johnson has pleaded and is seeking punitive damages. Accordingly, the Defendant's financial condition is relevant to this dispute.

Bechtel argues that this Court should restrict discovery of its financial information if and until such time as its motion for partial summary judgment on that issue is denied. However, the Court will not bifurcate discovery until dispositive motions have been addressed. The Court declines to restrict discovery of Defendant's financial information in this case.

**Plaintiff's request to take in excess of ten depositions.**

By default, a party is limited to taking only ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). A party may exceed the limit with leave of the Court. Fed. R. Civ. P. 30(a)(2)(A)(i). In making this motion, the Plaintiff has not identified the total number of depositions that she thinks will be necessary. However, the Plaintiff has identified at least thirteen witnesses she intends to depose. The Court concludes

ORDER ~ 11

that the nature of this litigation and the number of factual issues identified in the myriad discovery motions that have been presented in this case make plain the need to exceed ten depositions. To that end, each party has leave to take fifteen depositions in total.

**Plaintiff's Motion Under Rule 56(d)**

Where the nonmovant to a summary judgment motion shows that it cannot present facts essential to justify its opposition, the court may, among other things, defer resolving the motion, deny the motion, or allow discovery. Fed. R. Civ. P. 56(d). In the declaration filed in support of this motion, the Plaintiff has identified numerous areas of inquiry that remain unsettled due to the pending discovery motions in this case. The Defendant opposes the motion, arguing that the Plaintiff has failed to identify the particular facts that are necessary to oppose the partial summary judgment motions.

In light of the fact that resolution of the instant discovery motions will lead to more discovery, that the discovery to be ordered is relevant to the pending motions, and that the Plaintiff should have the benefit of the discovery in opposing the instant motions, the Court grants the Plaintiff's Rule 56(d) motion and will defer hearing the motions for partial summary judgment pending the completion of that discovery.

The Court continues the discovery cutoff deadline and stays the motions for summary judgment until a scheduling conference can be held to determine the time needed for parties to complete discovery and file supplemental materials to the summary judgment motions.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Plaintiff's motion to expedite, **ECF No. 46**, is **DENIED AS MOOT**.

2. The Defendant's motion for protective order, **ECF No. 38** is **GRANTED IN PART AND DENIED IN PART** as explained above.

3. The Plaintiff's motion to compel, **ECF No. 43**, is **GRANTED IN PART AND DENIED IN PART** as explained above.

4. The Plaintiff's second motion to compel and request for leave to take more than ten depositions, **ECF No. 48**, is **GRANTED IN PART AND DENIED IN PART** as explained above.

5. The Defendant's motion for leave to file excess pages, **ECF No. 60**, is **GRANTED**.

6. The Plaintiff's motion for leave to file reply, **ECF No. 67**, is **GRANTED**.

7. A telephonic scheduling conference will be held on **February 29, 2012,** at **1:30 p.m.** The parties shall call the Court's toll-free conference line at **(888) 363-4749**. You will be prompted to enter the following: **Access**

ORDER ~ 13

**Code 6699898** and **Security Code: 3119**. **PLEASE LISTEN CAREFULLY AND FOLLOW THE AUTOMATED INSTRUCTIONS SO THAT YOU CAN BE ADDED TO THE CONFERENCE IN A TIMELY MANNER.**

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 16th day of February 2012.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge